[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this limited contested action for dissolution of marriage the plaintiff wife is pro se and the defendant husband is an inmate at the Attica Correctional Facility in Attica, New York. The court previously appointed an attorney for the defendant. Since the defendant is beyond the reach of a habeas order from this court, a telephone hearing was held in chambers, on the record, on May 14, 2001. The defendant participated by speaker-phone and he was given the opportunity to consult with his attorney, off the speaker phone, when necessary.
The parties were married on November 6, 1993 in Dannemora, New York. The plaintiff has resided in the state of Connecticut for at least twelve months prior to bringing this action. No children have been born to the wife since the date of the marriage. The marriage between the parties has broken down irretrievably without prospect for reconciliation; therefore, the court dissolves the marriage on the grounds of irretrievable breakdown.
The plaintiff is thirty-three years old and is presently employed as a corrections officer for the state of Connecticut. She has had some health problems but they do not prevent her from working on a full time basis. She is a high school graduate and she has taken some college courses. The plaintiff declared bankruptcy approximately two years ago.
The defendant is thirty-five years old, is a high school graduate and he also has taken some college courses. He is presently incarcerated at Attica Correctional Facility and his expected release date is January 2016. He describes his health as good.
The plaintiff formerly was employed as a correction's officer for the city of New York and she met the defendant on Riker's Island in 1991. They developed a romantic relationship and ultimately were married on November 6, 1993. Because of this relationship the plaintiff had to CT Page 7653 terminate her job in New York and she moved to Connecticut. The defendant has been incarcerated during the entire duration of this marriage.
The defendant owned an interest in a beauty salon known as Ultimate Appearance prior to his incarceration. After his incarceration he asked the plaintiff to run this business. The business did not succeed and ultimately it was sold. Although there was a lack of documentary evidence, the court does conclude that the defendant did provide some monetary benefit to the plaintiff. The court also concludes that the plaintiff provided monetary benefit to the defendant by payment of a portion of his attorney's fees using money raised from a second mortgage on her house.
Both parties seek alimony from the other. The court, having considered the criteria of C.G.S. § 46b-82, concludes that neither party is entitled to alimony. The court also concludes that there is insufficient evidence to compel any assignment of property under the provisions of C.G.S. § 46b-81.
The court does find that the plaintiff, by improper methods, opened up credit card accounts in the name of the defendant. Defendant's Exhibit "A" is an Equifax credit file in the name of the defendant and it shows accounts with the following creditors: Associates National, Bank First, and three accounts at Sears. Some of these accounts may be in joint names with the plaintiff. The defendant did not make any charges on these accounts; the plaintiff admitted to making charges on the accounts. The court finds that it would not be fair and equitable for the defendant to pay on said accounts. In its orders, the court has made provision for the plaintiff to hold the defendant harmless from any payment he may be required to make on said accounts.
 ORDERS
1. The plaintiff is restored her maiden name of Sharon Goodwin.
2. The plaintiff shall hold the defendant harmless and reimburse him in the event he makes any payment on any of the following accounts: Associates National Credit Card, account #462120102206; Bank First Credit Card, account #542477082331; Sears Charge Card, account #36131291; Sears Charge Card, account #35922948; Sears Charge Card, account #66103175. (The last four digits of the preceding accounts have been omitted).
3. Neither party is awarded alimony.
4. Each party shall retain the property in their possession. CT Page 7654
Domnarski, J